IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

WILLIAM R. COUCH,

        Plaintiff,

v.                                    CIVIL ACTION NO.  5:10-cv-00072

JOHN M. JABE, DANIEL A. BRAXTON
and STEVE HOLLAR,

        Defendants.

## RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants Jabe, Braxton and Hollar, by counsel, and in response to

Plaintiff's Motion for Summary Judgment respectfully state as follows:

        1.        Defendants previously filed a Motion for Summary Judgment and Brief in Support

thereof in this case, which Brief substantially states their position with regard to Plaintiff's

Complaint.  Your Defendants incorporate their Motion for Summary Judgment and Brief by

reference and ask that the Court consider it in response to Plaintiff's Motion for Summary

Judgment.

        2.        The narrow issue framed by these competing Motions for Summary Judgment is

clear:  should there be a religious exception to the Virginia Department of Corrections ("VDOC")

Grooming Policy to allow inmates to grow a beard of 1/8 inch or less?  There is no dispute as to the

constitutionality of the Religious Land Use And Institutionalized Persons Act ("RLUIPA") or the

standards enunciated therein.  There is no question that Couch's beliefs, for the purposes of

summary judgment, are sincerely held.  Defendants acknowledge that Couch's beliefs are burdened.

However, Defendants disagree that Couch's beliefs are unreasonably burdened under the RLUIPA standard.

3.      Plaintiff argues that limiting a beard to 1/8 inch alleviates concerns related to safety and hygiene.  He cites a number of cases, none from this circuit, that appear to conclude that short beards present no such risks.  The only precedent cited by Plaintiff from our circuit is Ragland v. Angelone, 420 F. Supp. 2d 507 (W.D. Va. 2006).  He quotes Judge Turk in saying:  "The medical exception does not allow the inmate to leave his beard completely uncut; rather, he must keep it neatly trimmed to no longer than 1/8 of an inch, a length unlikely to conceal contraband, create health risks, or significantly alter appearance." Id. at 517.  Reliance on that comment falls way short of justification for a religious exception to the beard regulation limited to 1/8 inch.

4.      Judge Turk recognized that "Congress clearly expressed its intention that courts applying the RFRA/RLUIPA standard in the prison context should give 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.'"  Id. at 514 (citing Cutter v. Wilkinson, 544 U.S. at 709 (2005)).  The Court recognized the need for great judicial deference to the professional judgments of experienced prison officials in crafting innovative prison policies to maintain security and order.  Id. at 514 (citing Pell v. Procunier, 417 U.S. 817, 827 (1974)).

5.      In Ragland, Judge Turk relied upon the testimony of Gene Johnson, who was Director of the VDOC at the time of both Ragland and the case at bar.[1]  The Court acknowledged that prisoners with beards can rapidly change their appearance to facilitate escapes or frustrate identification in disciplinary infractions or crimes committed during incarceration. Id. at 515.  Most importantly, Judge Turk recognized that "creating a blanket religious exception to the policy would

---

[1] Mr. Johnson was replaced as VDOC Director in November, 2010.

render the policy ineffectual….." Id. at 516.  "Thus, the housing reassignment uniformly imposed

by the policy directly addresses the states penological interests, by eliminating the risk to general

population inmates and staff and by allowing the risks to be closely monitored in the segregation

unit.  At the same time, the policy allows Ragland to keep his hair uncut in keeping with his

religious beliefs." Id. at 516.

6.      Couch appears to make a reasonable argument that his willingness to trim his beard

to 1/8 inch or less obviates any hygiene or security concerns.  However, what Couch fails to

recognize is that a blanket religious exception, even at 1/8 inch, works an extreme hardship on

prison officials in the enforcement of such a rule.  Unlike the medical exception to the no beard

requirement, which takes effect only after a medical professional makes an objective decision that

shaving threatens the inmate's health, "determining the true nature of an inmate's religious beliefs

and needs rests primarily on subjective criteria that can be easily manufactured or faked." Id. at

517.  Moreover, blanket religious exemptions have the potential to foster animosity among the

prisoner population.  The mere creating of such an animosity among a group of inmates, who by

their very nature have demonstrated a refusal to follow rules, presents an unacceptable risk to staff

and to the religious inmates in the cells. Id. at 518.

7.      With regard to Plaintiff's claim that Defendants are not entitled to qualified

immunity, your Defendants assert that the VDOC Grooming Policy has consistently been upheld to

include the prohibition against beards.  While Defendants are well aware of the standards set by

RLUIPA, this Court's decision in Ragland makes it clear that, at this point, prohibitions against

beards of any length pass muster.

WHEREFORE, for the reasons stated, your Defendants request that the Plaintiff's Motion

for Summary Judgment be denied and that Defendants' Motion for Summary Judgment be granted.

Respectfully submitted,

JOHN M. JABE, DANIEL A. BRAXTON
& STEVE HOLLAR

By:  s/   William W. Muse
     William W. Muse, VSB #13599
     Senior Assistant Attorney General
     Public Safety & Enforcement Division
     Office of the Attorney General
     900 East Main Street
     Richmond, Virginia 23219
     (804) 786-0046
     (804) 786-4239 (Fax)
     E-mail:  wmuse@oag.state.va.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2010, I electronically filed the

foregoing Response to Plaintiff's Motion for Summary Judgment with the Clerk of the Court

using the CM/ECF system which will send notification of such filing to the following:  Jeffrey E.

Fogel, Esquire, 913 E. Jefferson Street, Charlottesville, Virginia 22902, E-mail:

Jeff.Fogel@gmail.com; and I hereby certify that I have mailed by United States Postal Service

the documents to the following non-CM/ECF participants:  N/A.

                    s/   William W. Muse
                    William W. Muse, VSB #13599
                    Senior Assistant Attorney General
                    Public Safety & Enforcement Division
                    Office of the Attorney General
                    900 East Main Street
                    Richmond, Virginia 23219
                    (804) 786-0046
                    (804) 786-4239 (Fax)
                    E-mail:  wmuse@oag.state.va.us

4